Brian A, Barboza Esq. SBN 257423
LAW OFFICES OF BRIAN A. BARBOZA
1260 N. Dutton Ave #135
Santa Rosa, CA 95401
Telephone: (707) 527-8553
Facsimile:  (707) 542-5655

Thomas F. Jeffrey SBN 110974
LAW OFFICE OF THOMAS F. JEFFREY
1400 N. Dutton Avenue, Suite 21
Santa Rosa, CA 95401-4643
Telephone: (707) 543-8530
Facsimile: (707) 543-8549

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SUSAN HANKS,<br><br>                Plaintiff,<br><br>          v.<br><br>TALBOTS CLASSICS NATIONAL BANK; THE TALBOTS, Inc.,<br><br>                Defendants. | Case No. C 12-02612 EDL<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: August 3, 2012<br>Time: 9:00 am<br>Place: Courtroom 10, 19th Floor |

## INTRODUCTION

On 05/29/2012, Defendant filed a Motion to Dismiss Plaintiff's Complaint ("the complaint") under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to state sufficient facts to support any claim for relief.  Defendant prayed for each cause of action to be dismissed without leave to amend.  On 06/08/2012, Plaintiff filed a First Amended Complaint (the "FAC") which remedied any defects in the complaint, limited the scope of the complaint to just alleged violations of the Fair Credit Reporting Act, and stated facts sufficient to support a claim for relief.  Defendant

subsequently withdrew the Motion to Dismiss. However, on 06/25/2012, Defendant filed a new Motion to Dismiss Plaintiffs First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to state sufficient facts to support any claim for relief.

Both the original complaint and the First Amended Complaint (FAC) allege facts demonstrating that the Defendant did violate their statutory duties under the FCRA. The FAC ultimately alleged that in response to the initiation of the formal dispute process by the Plaintiff, under 15 U.S.C. section1681s-2(b) Defendant acknowledged the account status of "charge off" as being inaccurate, corrected the account status, and then sometime thereafter willfully and unlawfully re-reported the inaccurate account status of "charge Off" on the consumer credit report. In addition, as set forth in the amended complaint, the Defendant added an ongoing balance owed to the trade line for multiple months even after the debt was discharged. These facts, as discussed below, clearly give rise to relief under the expressed protections afforded consumers codified by the Fair Credit Reporting Act.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A. The Allegations In The First Amended Complaint Establish the Inaccuracy of the Trade Line Among Other Violations of The Fair Credit Reporting Act.**

It is evident that the Defendant's Motion to Dismiss The First Amended Complaint is really a motion for summary judgment and/or a motion for summary adjudication disguised as a Motion to Dismiss under Federal Rule 12(b)(6). Nonetheless, Plaintiffs First Amended Complaint has met the low threshold required under Federal Rule of Civil Procedure 8 that merely requires the pleading to be set forth in short and plain terms and shall be simple concise and direct. The complaint is sufficient if it gives

the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." (*quoting Bell Atlantic Corp v. Twombly,* (2007) 550 US 544, 555) Thus, except in a few types of cases in which pleading with particularity is required, the complaint need not contain detailed factual allegations supporting the claim.  Instead, federal courts and litigants "must rely on summary judgment and control of discovery to weed out unmeritorious claims . . ." (*quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* (1993) 507 US 163, 168 – 169)

Nonetheless, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Beil Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  A claim must rest on "factual allegations sufficient to raise a right to relief above the speculative level." *Twombly*, 550 U.S. as 555.

In this case, the complaint has set forth multiple improper and illegal acts by the Defendant giving rise to relief under the FCRA.  First, sometime during January 2012, many months after the debt was discharged in Plaintiff's bankruptcy, and after the Title 15 U.S.C. section 1681s-2(b) formal dispute process was completed, Defendant unlawfully and without a permissible purpose accessed Plaintiff's credit report and re-reported the inaccurate information. (Amended Complaint ¶ 12 & 13)  In January 2012, the Defendant was no longer a creditor of Mrs. Hanks and therefore had no legal basis or right to access and review her credit report, let alone re-report information.

When the furnisher's "investigation concludes that the disputed item is inaccurate or incomplete or cannot be verified, the furnisher must, as appropriate, modify, delete, and/or permanently block the reporting of that item of information" to prevent its re-reporting. *Hukic v. Aurora Loan Servicing* 588 F.3d 420 (7th Cir. 2009) Since this duty is codified as part of section 1681s-2(b), it is subject to private enforcement under the same terms that recognize the consumer's private right of action to enforce the formal investigation duties.

Despite all the aforementioned bad acts which are facially violative of the FCRA, Defendant has argued that the trade line is accurate because it reflects the date of the "charge off" as being entered before the date of the bankruptcy discharge order.  This argument is flawed, and legally incorrect, because the Order For Relief in a bankruptcy case is the petition date and not the date the discharge is issued by the Court.  11 U.S.C. section 301(b) states "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."  Additionally, 11 U.S.C. section 727(b) states "…a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief …" The United States Bankruptcy Court For The Northern District of New York in the case of *In re Upright*, 1 B.R. 694 stated **"**such case commencement constituted an order for relief under such Chapter in accordance with 11 U.S.C. § 301 ."  Thus, the bankruptcy petition date of 04/22/2010 is the actual Order For Relief and the discharge order merely relates back to the petition date.  To report the debt as "charged off" after the 04/22/2010 statutorily defined order for relief date is legally and factually inaccurate.  Moreover, Defendant did

not report the account as "charged off" until after they learned of the bankruptcy. In fact the plaintiff was current on her account until 04/2010.

Defendant's argument is primarily predicated upon opinion letters by the Federal Trade Commission. Despite the fact that these letters are not recognized as legal authority nor are they even recognized as persuasive judicial opinions, the FTC letters quoted by Defendant are in conflict with each other. However, the aforementioned opinion letters issued by the FTC, as quoted on page 6 in Defendant's Motion to Dismiss, actually state:

> "It is not a reasonable procedure to label an account that has been discharged in bankruptcy as "charged off as bad debt" if the account was open and not charged off *when the consumer filed bankruptcy*. Such a designation would be inaccurate or misleading, as it would indicate that the creditor had written off the account *at the time of bankruptcy* when it had not in fact done so."

By Defendant's own admission, at page 6, lines 15 – 18, of Defendant's Motion to Dismiss, Defendant acknowledges, by citing the FTC opinion, that to "label an account" as "charged off as bad debt" "when the consumer files bankruptcy" or "at the time of the bankruptcy" would be "inaccurate or misleading." The Defendant has attempted to argue that reporting both a charge off by the furnisher and that it was discharged by a bankruptcy court is both accurate and complete. However, this argument is legally flawed and incorrect because 11 U.S.C. section 301(b), as discussed above, explicitly states that the order for relief is entered on the petition date and all debts existing as of the petition date are discharged under 11 U.S.C. section 727(b), thus a charge off of the debt, after the bankruptcy petition date, by the Defendant was not possible because the debt was discharged. (FAC ¶ 6) Though section 301(b) and section

727(b) (supra) are clear, the issue, if in dispute, would be properly decided by summary judgment or a trial on the merits not a FRCP 12(b)(6) motion.

Additionally, the Defendant has misquoted the First Amended Complaint in their Motion to Dismiss. On Page 8, lines 7 – 12, the Defendant states:

> "She (Plaintiff) pleads that the trade line account history accurately stopped reporting any and all negative information after 03/2010. (FAC at ¶ 10) Plaintiff acknowledged in the FAC that the alleged inaccurate "Charge Off" information first appeared in her credit reports prior to March of 2010. Ergo, Defendants must have charged off Plaintiff's account prior to March of 2010, even under her amended complaint."

The argument that Plaintiff acknowledged in the FAC that the alleged innacurate "Charge Off" information first appeared in her credit reports prior to March 2010 is quite simply not true and misleading. The FAC merely alleges that sometime after the 04/22/2012 petition date the Defendant reported the account as "charged off" and after disputing the debt through the formal dispute process the new and corrected credit report received on 10/07/2011 showed the Defendant had removed the inaccurate charge off and stopped reporting any and all negative information after 03/2010. (FAC at ¶8, 9, 10) However, around 01/2012 the aforementioned derogatory information was reinserted into the consumer credit report. (FAC at ¶12)

Lastly, the Defendant, by its own admission, has acknowledged the "charge off" status as being inaccurate. In response to the formal re-investigation initiated by the plaintiff on 09/13/11, as alleged in the original complaint and amended complaint, the defendant removed the "charge off" from the credit report thus acknowledging the inaccuracy. For some unknown reason, the defendant willfully re-reported the "charge off" after already removing it from the account history for being inaccurate. What is more disturbing is the Defendant added to the trade line an ongoing balance owed for

each month up to December 2011 all the while knowing the debt was discharged. These facts were plead in the First Amended Complaint at ¶ 9, 10, 11, 12, and give rise for relief under 15 U.S.C. §1681n and 15 U.S.C. §1681o for actual, statutory, and punitive damages.

### B. The Fair Credit Reporting Act is Not Barred by the Bankruptcy Code

The Defendants, in their Motion to Dismiss the Complaint, rely on the holding in *Walls v. Wells Fargo Bank*, 276 F. 3d 502 (9th Circuit) in support of their argument that the proper remedy for the FCRA violation lies in 11 U.S.C. section 524. This would require the Plaintiff to re-open the bankruptcy case and file a motion for contempt of the discharge order. However, the scope of the holding in the *Walls* case is limited to the Fair Debt Collection Practices Act and the California Rosenthal Act.

The holding in *Walls* does not apply to the Fair Credit Reporting Act. This issue has already been confirmed in a case cited by Defendant, *Henry v. Saxon Mortg., Inc*. (2011 D. Ariz.) No. CV-10-2551, 2011 WL 5331679. In *Henry,* the Defendant creditor attempted to argue that the holding in *Walls v. Wells Fargo Bank* prevented a claim under the FCRA because it was precluded by the Bankruptcy Code. The Court, following a line of District Court and Bankruptcy Court decisions on this very issue, quickly dismissed this argument. The Court held that a cause of action under the FCRA and a claim under 11 U.S.C. section 524 of the Bankruptcy Code can "coexist" because they serve separate purposes.

Additionally, The Amended Complaint does not include claims under the FDCPA and Rosenthal Act. Furthermore, the complaint as amended does not allege that the Defendant's actions, as they pertain to the furnishing of credit information, were an attempt to extract payment in violation of the discharge. The scope of the complaint is

merely disputing the creditors conduct in light of the governance of the FCRA, and the only relevance the bankruptcy discharge has in this matter is its effect of rendering the "charge off" status and report of an ongoing balance inaccurate.  Therefore, the complaint as amended renders Defendant's argument under *Walls v. Wells Fargo Bank* moot.

### C. Plaintiff Has A Private Right of Action Against the Defendant Under the FCRA As Stated In The First Amended Complaint

It is well established that under 15 U.S.C. section 1681s-2(b) an individual does have a private right of action against a furnisher of credit information.  Numerous cases have upheld a consumer's right to seek relief under the FCRA.  In accordance with 15 U.S.C. sections 16812-2(b)(1)(A) through (E) furnishers are statutorily required to undertake five enumerated duties upon receipt of a notice that the consumer has disputed the accuracy or completeness of any information provided by that furnisher with a consumer reporting agency. Moreover, in accordance with 15 U.S.C. sections 1681n and 1681o, any furnisher who fails to comply with theses duties is liable to the consumer in a private cause of action for its negligent or willful noncompliance.  Numerous cases affirm the consumer's right to seek relief for violation of these duties. (See Gorman v. Wolpoff & Abramson L.L.P., 584 F.3d 1147 (9th Cir. 2009); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2009); Arikat v. JPMorgan Chase & Co., 430 F. Supp. 2d 1013 (N.D. Cal. 2006)

In this matter, the complaint has plead that Plaintiff sent to Experian a formal written dispute requesting that the inaccuracies be removed and to initiate the formal dispute process. (Amended Complaint ¶9)   Under 15 U.S.C. section 1681s-2(b) the defendant had a duty to correct, and in fact did correct, the trade line account history by removing the "charge off" and at that time there was not a running balance of $329.00

reporting as owed. (Amended Complaint ¶10) Thus, Defendant had a duty to permanently remove the inaccurate information and refrain from adding more incorrect information which they failed to do.

The facts in the FAC, as stated above, alleging the Defendants failure to conduct a reasonable re-investigation and their overt act of re-reporting the admittedly false charge off and simultaneously adding a running balance owed gives rise to a private right of action under the FCRA. It would be absurd and illogical to believe the FCRA would prohibit the reinsertion of the "charge off" because it was disputed, but not prohibit the insertion of the running balance when the bad acts were done simultaneously. At a minimum the insertion of the running balance, which was done simultaneously with the improper act of reinserting the knowingly false "charge off" would demonstrate the willfulness and egregiousness of Defendant's conduct giving rise to enhanced punitive damages under the FCRA.

### D. There Is Liability under the FCRA for Accessing a Consumer Credit Report For An Impermissible Purpose

15 U.S.C. section 1681b(f) strictly prohibits the use or access of a credit report for a non-permissible purpose. 15 U.S.C. section 1681b(f) states:

> "A person shall not use or obtain a consumer report for any purpose unless--
> (1) the consumer report is obtained for a purpose for which the consumer report
> is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 607 [15 USCS § 1681e] by
> a prospective user of the report through a general or specific certification."

In this instance, the FAC alleges that the Defendant was no longer a creditor of the Plaintiff at the time they used and accessed the consumer credit report, and therefore there was absolutely no permissible purpose for the Defendant to access the consumer

credit report and use the report to furnish information on the account trade line in January of 2012. (FAC ¶ 13).

Defendant wants the Court to believe that the FCRA prohibits furnishers from "obtaining" a credit report under false pretenses but does not prohibit a furnisher from "accessing" a credit report for an impermissible purpose. This argument is nothing more than a word game. The Defendant also wants the Court to believe that the FCRA prohibits a furnisher from reporting inaccurate information but does not prohibit a furnisher from accessing a consumer report for the purpose of reporting knowingly inaccurate information which ultimately would be an impermissible purpose. This argument defies logic and common sense. Again, this is just another example of a disguised Motion for Summary Judgment cloaked as a FRCP12(b)(6) Motion to Dismiss.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court deny the Defendants Motion to Dismiss the First Amended Complaint.

Dated: July 5, 2012.

/S/ Brian A. Barboza
BRIAN A. BARBOZA ESQ.
ATTORNEY FOR PLAINTIFF